

# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-16-00177-CR

JORDAN ASHLEY LEIGHTON                                              APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

----------

FROM COUNTY COURT AT LAW NO. 1 OF PARKER COUNTY
TRIAL COURT NO. CCL1-15-0641

----------

## MEMORANDUM OPINION[1]

----------

On March 21, 2016, a jury convicted Appellant Jordan Ashley Leighton of driving with an invalid license with a prior conviction,[2] and the trial court sentenced Appellant to serve ninety days' confinement in jail and pay a $500 fine. Appellant did not file a motion for new trial. The notice of appeal was

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Transp. Code Ann. § 521.457(a), (f) (West 2013).

therefore due April 20, 2016,[3] but Appellant did not file a notice of appeal until May 5, 2016. Appellant did not file a motion for extension of time to file a notice of appeal.[4]

We notified the parties of our concern that we lack jurisdiction over this appeal because the notice of appeal was untimely filed and warned that unless we received a response by May 16, 2016, showing grounds for continuing the appeal, the appeal could be dismissed. We have received no response.

A notice of appeal that complies with the requirements of rule 26 is essential to vest this court with jurisdiction.[5] The Texas Court of Criminal Appeals has expressly held that without a timely filed notice of appeal or motion for extension of time, this court cannot exercise jurisdiction over an appeal.[6]

Accordingly, we dismiss this appeal for want of jurisdiction.[7]

---

[3]*See* Tex. R. App. P. 26.2(a)(1).

[4]*See* Tex. R. App. P. 26.3 (allowing appellate court to extend deadline for filing notice of appeal if appellant files a notice of appeal and motion for extension within fifteen days after the deadline for filing notice of appeal).

[5]*See* Tex. R. App. P. 26.2(a)(1); *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012).

[6]*Castillo*, 369 S.W.3d at 198; *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).

[7]*See* Tex. R. App. P. 43.2(f).

PER CURIAM

PANEL:  DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  June 30, 2016